noIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv80

| | |
|---|---|
| ELISA HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **DENIES** the Motion for Summary Judgment [# 15] and **GRANTS** the Motion for Summary Judgement [# 11].

I.   **Procedural History**

Plaintiff filed an application for disability benefits and supplemental security income on November 16, 2011. (Transcript of Administrative Record ("T.") 194-206.) The application had a protective filing date of November 9, 2011.

-1-

(T. 10, 70, 77.) Plaintiff alleged an onset date of July 1, 2009. (T. 194.) At the hearing before the ALJ, counsel amended the alleged onset date to November 20, 2012. (T. 12.) The Social Security Administration denied Plaintiff's claims. (T. 116-23.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 128-45.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 28-69.) The ALJ then issued a decision finding that Plaintiff was not disabled from July 1, 2009, through the date of the decision. (T. 21.) Plaintiff requested review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review. (T. 1-6.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence:

(1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past

relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rest with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III. The ALJ's Decision**

In her August 28, 2014, decision the ALJ found that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. (T. 22.) The ALJ

made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2010.

(2) The claimant has not engaged in substantial gainful activity since July 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: degenerative disk disease of the cervical and lumbar spine, left rotator cuff tear (status-post repair), obesity, schizoaffective disorder (depressed type), major depressive disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that she can occasionally reach overhead with the left upper extremity. She can frequently climb ramps and stairs, stoop, kneel, or crouch. She cannot climb ladders, ropes, or scaffolds. She cannot crawl. She cannot work at unprotected heights or around dangerous machinery. The claimant is limited to simple routine tasks. She can tolerate frequent contact with coworkers and supervisors and occasional public contact.

(6) The claimant is capable of performing past relevant work as an assembler of printed products. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

(6) The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2009, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(T. 12-21.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether

the ALJ reached her decision based on the correct application of the law.  Id.

## V. Analysis[1]

In determining whether a claimant is disabled, the ALJ considers any medical opinions in the record together with the other relevant evidence.  20 C.F.R. § 404.1527(b).  Medical opinions constitute statements from physicians and psychologist, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the claimant's symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairment, and the claimant's physical or mental restrictions.  20 C.F.R. § 404.1527(a)(2).  In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."  Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527.  The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 404.1527(d). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

the notice of the determination or decision must contain specific reasons

for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Although a plaintiff's Global Assessment of Functioning ("GAF") score is merely a snapshot of a claimant's functioning at a specific moment in time, Powell v. Astrue, 927 F. Supp. 2d 267, 273 (W.D.N.C. 2013) (Reidinger, J.), the score is a medical opinion when it is assigned by an acceptable medical source, Kennedy v. Colvin, 3:14-cv0665-RJC, 2016 WL 890602, at *4 (W.D.N.C. Mar. 8, 2016) (Conrad, J.) (unpublished); May v. Colvin, Civil Action No. 1:15-CV-00090-GCM, 2016 WL 4917046, at *5 (W.D.N.C. Sept. 13, 2016) (Mullen, J.)

(unpublished); Lully v. Colvin, 3:15cv465, 2016 WL 7323979, at *4-5 (W.D.N.C. Nov. 28, 2016) (Howell, Mag. J.) (unpublished). Thus, a GAF score from an acceptable medical source constitutes a medical opinion, which the ALJ is required to consider and assign weight, just as it would any other medical opinion. See Kennedy, 2016 WL 890602, at *4; May, 2016 WL 4917046, *5; Lully, 2016 WL 7323979 at * 4-5; but see Woodbury v. Colvin, __ F. Supp. 3d __, 2016 WL 5539525 (D.S.C. Sept. 30, 2016) (discussing the split in the District Courts in the Fourth Circuit regarding the treatment of a GAF score by an ALJ in his or her decision).[2]

Here, the record contains at least five GAF scores.[3] (T. 556, 560, 567, 636, 698.) At least one of these scores is from Dr. Joseph Mathukutty, an acceptable medical source. (T. 635-36.) Moreover, if any of these GAF scores were from a treating source, they could be entitled to controlling weight. See 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. "When case evidence includes a GAF from a treating source and you do not give it controlling weight, you must provide good reason in the personalized disability explanation or decision notice." Kennedy, 2016 WL 890602, at *4 (quoting AM-13066). The decision of the ALJ,

---

[2] The Court notes that the position taken by the Commissioner in this case regarding whether a GAF score is a medical opinion that must be referenced in the decision is different than the position the Commissioner has taken in other appeals in this Court.

[3] The record also contains a GAF score of 40-45 from Dr. Michael Fiore, a consultative examiner whose opinion the ALJ gave little weight. (T. 19, 567.)

however, is devoid of any discussion of any of the GAF scores.

The ALJ's failure to address the GAF scores in the record is a problem in this case because the numerous low scores are evidence in the medical record that support Plaintiff's claimed mental limitations, as well as the opinion of Dr. Fiore. And while the ALJ might determine that the GAF scores are all entitled to little or no weight and impose the same RFC, it is up to the ALJ to address the opinion evidence in her decision and explain how she reached that decision so that this Court can conduct meaningful review of the decision. As the Court recently explained in Lully:

> Factors such as the failure to explain the rationale behind a GAF, the failure to indicate the period of time for which a GAF applies, or whether the GAF rating is well supported and consistent with other the evidence in the record goes to what, if any, weight the ALJ should assign to the medical opinion not whether the score itself is a medical opinion that must be considered. As is often the case with these cases, there may be numerous reasons for the ALJ to assign little or no weight to the GAF scores, but it is incumbent on the ALJ to address these opinions, assign them some weight, address the conflicting evidence in the record, and provide sufficient legal reasoning in the decision as to the weight assigned to the decisions for the Court to conduct meaningful review. Like the Court in Kennedy, the Court finds that remand is required in this case for the ALJ to address the GAF scores in the record. Because these are decisions left to the ALJ, not this Court, the Court cannot say that the errors are harmless without conducting the type of factual inquiry that the Fourth Circuit has cautioned this Court against conducting. See Fox v. Colvin, 632 Fed. Appx. 750, 755 (4th Cir. 2015) (unpublished).

Like the situation in <u>Lully</u>, remand is required for the ALJ to consider the GAF scores in the record. Accordingly, the Court **GRANTS** the Motion for Summary Judgment [# 11] and **REMANDS** this case.

VI. **Conclusion**

The Court **DENIES** the Motion for Summary Judgment [# 15] and **GRANTS** the Motion for Summary Judgement [# 11]. The Court **REMANDS** this case to the Commissioner for further proceedings consistent with this Order.

Signed: March 11, 2017

Dennis L. Howell
United States Magistrate Judge